IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SUSANNA STEPHENS | ) | |
| | ) | |
| Plaintiff, | ) | Collective Action |
| | ) | |
| vs. | ) | Case No. 3:18-cv-00296 |
| | ) | |
| STEVEN J. DALE, SOPAPILLAS, LLC | ) | |
| | ) | |
| Defendants | ) | JURY DEMAND |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED
COURT SUPERVISED NOTICE TO THE PUTATIVE CLASS AND FOR
CONDITIONAL CERTIFICATION PURSUANT TO
THE FAIR LABOR STANDARDS ACT**

**I.  INTRODUCTION**

Plaintiff brought this case to remedy violations of the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. §201, *et seq.*, including Defendants failure to pay minimum wage and overtime as required by the FLSA, by failing to compensate for all hours worked and violating the tip credit provisions of the Act, such as by claiming a tip credit even though more than 20% of employees' hours were spent on non-tip generating duties and requiring tipped employees to participate in an invalid top pool. Named Plaintiff Susanna Stephens, filed a collective action complaint, as expressly permitted by 29 U.S.C. §216(b) of the Act, seeking the full panoply of relief obtainable under the Act on her behalf and behalf of other similarly situated individuals for Defendants violations of the FLSA. Plaintiff seeks to represent all members of a similarly situated class of workers who choose to join this case (the "Putative Class"). The Putative Class to whom she seeks to send notice is:

**All individuals who worked for Defendants for whom Defendant claimed a tip credit against their minimum wage and/or overtime obligations during any workweek within the last three years.**

Notice of this lawsuit is appropriate because Defendants' timekeeping and payroll practice, procedures, and policies are common to the Putative Class.

Plaintiff is a former employee of Defendants. Defendants paid Plaintiff a direct cash wage of less than $7.25 per hour. Therefore, she is similarly situated to the Putative Class. Specifically, Named Plaintiff alleges Defendants timekeeping, payroll, tip credit, and tip sharing practices all violated the Defendants' statutory obligations as employers to pay minimum wage and overtime compensation consistent with Act's requirements. Defendants elected to claim a tip credit as opposed to paying the required minimum wage (or overtime wages) in a direct cash wage. Instead, Defendants claimed a tip credit for Plaintiff when she worked as a server, food expo, and hostess. Defendants imposed a mandatory tip sharing arrangement whereby servers and bartenders remitted a portion of their tips at the end of each shift based on a formula applied to their food and beverage sales. Defendants took a portion of the tips earned by servers and bartenders and distributed those tips as part of invalid tip sharing arrangement to employees in the food expo, busser/server assistant, and hostess positions.

Defendants claimed a tip credit when Plaintiff worked as a server, hostess, and food expeditor. (Exhibit 1: Declaration Susana Stephens ¶¶2,3-4). Defendants also claimed a tip credit for other employees working in these positions. (Exhibit 2: Declaration Jonatan Stephens¶ 2). Moreover, Defendants imposed a mandatory sharing practice requiring all servers and bartenders to remit a portion of their tips to management, claiming that such tips are distributed to employees working in the positions of food expo, busser/server assistant, and hostess. (Exhibit 1 ¶12; Exhibit 2 ¶9). These facts establish Defendants common policy, procedure, and practice of

claiming a tip credit and implementing a mandatory tip sharing practice. Accordingly, Plaintiff requests the Court order that: (1) Defendants to provide her with the "Putative Class Information" which includes the full name, current or last known e-mail address(es); current or last known home address(es); current or last known home and mobile telephone number(s); dates of employment; and positions worked for each Putative Class member; (2) Plaintiff may issue Notice and Consent forms to the Putative Class members in a form consistent with Exhibits 3 and 4 via e-mail and U.S. Mail; (3) Defendants distribute the Notice and Consent, to current Putative Class members along with every paycheck or paycheck stub throughout the notice period; (6) Defendants and their agents are prohibited from communicating with the Putative Class members about the subject matter of this lawsuit until after the close of the notice period; and, (7) Putative Class members may join the case by returning to Plaintiff's counsel a Consent form no later than 100 days following the date that Defendants provide Plaintiff's counsel the Putative Class Information.

**II.     FACTS**

Defendant Dale owns and operates the restaurant Sopapillas located in Franklin, Tennessee personally and through Defendant Sopapillas, LLC. (Dkt. 1 Complaint ¶ 13, Dkt. 10 Answer ¶ 13 – admitted). Defendants employ individuals to fill various positions, including, but not limited to: server; host/hostess; server assistant/busser; food expeditor; and bartender. (Dkt. 1 Complaint ¶ 23, Dkt. 10 Answer ¶ 23 – admitted). Defendants admit claiming a tip credit for those employees performing server duties. (Dkt. 10 Answer ¶ 24– admitted). Defendants admit claiming a tip credit for those employees performing hostess duties. (Dkt. 10 Answer ¶ 25– admitted). Defendants admit claiming a tip credit for those employees performing "busser" duties. (Dkt. 10 Answer ¶ 26 – admitted). Defendants admit claiming a tip credit for those

3

employees performing "food expeditor" duties. (Dkt. 10 Answer ¶ 27– admitted). Defendants admit claiming a tip credit for those employees performing "bartender" duties. (Dkt. 10 Answer ¶ 28– admitted). Defendants admit they claimed a tip credit for Plaintiff. (Dkt. 10 Answer ¶ 37– admitted). Defendants admit that Plaintiff worked as server, hostess, or food expeditor for entire shifts. (Dkt. 10 Answer ¶¶ 52, 53– admitted). Defendants admit that Plaintiff may not have received tips directly from customers when performing food expeditor duties. (Dkt. 10 Answer ¶¶ 54, 59– admitted). Plaintiff did not receive any tips directly from customers when she worked as a food expeditor. (Exhibit 1 ¶ 8).

Plaintiffs, and Putative Class members regularly arrived at the restaurant before the it opened for business and performed cleaning, preparation, and other opening duties before they started serving customers. ((Exhibit 1 ¶ 9; Exhibit 2 ¶ 6). Plaintiffs, and Putative Class members regularly remained at the restaurant after they stopped serving their last customers performing cleaning and other closing duties. (Exhibit 1 ¶ 10; Exhibit 2: ¶ 7). Defendants claimed a tip credit for the periods before the restaurant opened for business and after it closed to the public. (Exhibit 1¶ 11; Exhibit 2 ¶ 8). Plaintiffs, and all Putative Class members, were required to relinquish a portion of their tips to Defendants managerial employees pursuant to a mandatory tip pooling arrangement, that included food expeditors, bussers/server assistants, and hostesses. (Exhibit 1¶12; Exhibit 2 ¶ 4). Defendants used the money taken from their employees' tips to help reduce their labor costs to hourly workers and at least some managers.

## III. LAW AND ARGUMENT

### A. FAIR LABOR STANDARDS ACT CONDITIONAL CERTIFICATION STANDARD

The text of 29 U.S.C. §216(b) "expressly authorizes a *single employee* to bring an action on his or her own behalf or on behalf of '[himself or herself] and other employees similarly

4

situated.'" *Roberts v. Corr. Corp. of Am.*, 2015 U.S. Dist. LEXIS 82575, *30, 2015 WL 3905088 (M.D. Tenn. June 25, 2015)(citing 29 U.S.C. 216(b))(Authorizing action to proceed as a collective under the FLSA on behalf of all similarly situated current and former employees of defendants who were employed during the last three years, ordering defendants to produce list of putative class members to plaintiffs within fifteen days of the order, and the issuance of a notice and consent). Therefore, Plaintiff as an individual is expressly authorized by statute to file a collective as the single Plaintiff and seek to relief on behalf of similarly situated employees who opt-in to the lawsuit.

The Act only requires that employees be "similarly situated" for the purpose conditionally certifying an opt-in class under the FLSA. Typically, courts employ a two-phase inquiry to address whether the named plaintiffs are similarly situated to the employees they seek to represent. *Roberts v. Corr. Corp. of Am.*, 2015 U.S. Dist. LEXIS 82575, *34, 2015 WL 3905088 (M.D. Tenn. June 25, 2015); citing *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877-78 (6th Cir. 2012); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006); *O'Brien*, 575 F.3d at 583. "The first [phase] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (quotation marks omitted).

Given discovery has not started in this case, this case is subject to the first stage Meaning, at this point, the Plaintiff bears the burden of showing that there exists similarly situated employees. *Benson v. Asurion Corp.*, No. 3:10-cv-526, 2010 U.S. Dist. LEXIS 125540, 2010 WL 4922704, at *2 (M.D. Tenn., Nov. 29, 2010). At this stage Plaintiff need only show that her 'position is similar, not identical, to the positions held by the putative class members.'" *Roberts*, 2015 U.S. Dist. LEXIS 82575, at (M.D. Tenn. June 25, 2015); citing *Comer*, 454 F.3d

at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Here, while employed by Defendants Named Plaintiff worked as a server, hostess, and food expo she was similarly situated to employees assigned to work in those same positions. In addition to being similarly situated with respect to individuals working in the same positions she was also was similarly situated to bartenders (by virtue of being similarly subject to a tip credit and required to participate in a tip pool) and similarly situated to bussers/server assistants (by virtue of being subject to a tip credit in all the positions she worked). As discussed in detail *infra*. Named Plaintiff's employment in these positions where she was subjected to a common, mandatory tip sharing policy establishes that she was similarly situated to the Putative Class she seeks to represent. Therefore, this case should proceed as a collective action and notice should issue as requested by Plaintiff.

In *Bradford v. Logan's Roadhouse, Inc.*, the district court explained that in *Comer*, "the Sixth Circuit approvingly quoted the lower court's decision, which stated that conditional certification 'need only be based on a modest factual showing [. . .] and that the court should use 'a fairly lenient standard [that] typically results in . . . certification,'"137 F. Supp. 3d 1064, 1071, 2015 U.S. Dist. LEXIS 134726, *15. (internal citations omitted)(quoting *Pritchard*, 210 F.R.D. at 596 and *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)); *see also Ware v. T-Mobile USA*, 828 F. Supp. 2d 948, 951 (M.D. Tenn. 2011) (same); *Frye v. Baptist Mem'l Hosp., Inc.*, No. 07-2708, 2008 U.S. Dist. LEXIS 107139, 2008 WL 6653632, at *4 (W.D. Tenn. Sept. 16, 2008) (noting that the plaintiff's burden has been described as "relatively slight" and "not a heavy one"); *Shabazz v. Asurion Ins. Service*, No. 3:07-0653, 2008 U.S. Dist. LEXIS 29696, 2008 WL 1730318, at *3 (M.D. Tenn., Apr. 10, 2008) (stating that plaintiffs "must simply submit evidence establishing at least a colorable basis for their claim that

a class of similarly situated plaintiffs exist[s]") (quotation marks omitted)); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (observing that the standard for collective action notice is a "lenient one"). Here the allegations contained in Plaintiff's complaint, Named Plaintiff's declaration, the declaration of Opt-in Plaintiff, as well as the other documentary evidence submitted as exhibits more than satisfy the fairly lenient standard for establishing Named Plaintiff is similarly situated to the putative class she seeks to represent in this action.

It is well-established at the first phase of conditional certification for FLSA actions that the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009). "The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Comer*, 454 F.3d at 546. Here, Plaintiff has presented substantial evidence that she is similarly situated to the Putative Class, including two declarations, Defendants' admissions, and copies of Defendants' schedules, time, and payroll records showing that Plaintiff worked as a server, hostess, food expeditor, and was paid a direct cash less than the applicable minimum wage. (Exhibit 1; Exhibit 2; Exhibit 5; Exhibit 6). Therefore, Plaintiff has provided more than enough evidence to support notice to workers at a ***single*** restaurant.

Assuming, arguendo, that Defendants dispute the testimony presented by Plaintiff, the notice stage is not the time for the Court to resolve factual disputes. In *Roberts* the Court granted conditional certification based on evidence submitted by plaintiff, even though evidence submitted by defendant contradicted or revealed potential weaknesses in plaintiffs' case. First, the court in *Roberts* determined that plaintiffs the met "low bar" for establishing they were similarly situated by showing they were unified by common theories of Defendants' statutory

7

violations of the FLSA, even of the theories are inevitably individualized and distinct. *Id.*, at *34-35.

### B. PROPOSED NOTICE PROTOCOLS

FLSA claims are governed by a two-year statute limitations or, in the case a three-year statute of limitations, and tolling of the statute of limitations for any individual class members is not tolled until that individual has filed a written consent form with the court. 29 U.S.C. §255(a); 29 C.F.R. §790.21(b)(2). Courts have found the information contained in the notice form is important "to allow a prospective plaintiff to understand his or her interests, and a collective action hinges on 'employees receiving accurate and timely notice concerning [its] pendency […], so that they can make informed decision about whether to participate.'" *Roberts*, at *50 (quoting *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 170-72, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).

Plaintiff submits a proposed Notice and Consent form with her Motion as Exhibits 3 and 4. Plaintiff's proposed notice provides a clear and concise explanation of Plaintiff's theory of liability, accurately represents the law at issue in this case, and provides the Putative Class members other relevant information needed for them to decide whether to join the case.

Because Issuance of timely notice here is consistent with the FLSA's broad remedial, humanitarian, and anti-competitive public policy goals because it will inform Putative Class members of the claims and their right to join, thereby preventing their claims from becoming in preserving the claims in conjunction with the running of statute of limitations of prospective class members timely issuance is paramount. Specifically, with each week that passes individual putative class members claims grow stale and die. *See 29 U.S.C. 216(b)*.

Courts in the Sixth Circuit routinely require employers to produce names and contact information of putative class members in an expedited manner. *See Roberts v. Corr. Corp. of Am.*, 2015 U.S. Dist. LEXIS 82575, *54-55, 2015 WL 3905088 (M.D. Tenn. June 25, 2015)(ordering counsel for defendants to deliver the names and last known addresses of all similarly situated current and former employees who worked for defendants in the last three years within 15 days of the order); *Benson v. Asurion Corp.*, No. 3:10-cv-526, 2010 U.S. Dist. LEXIS 125540, 2010 WL 4922704, at *6 (M.D. Tenn., Nov. 29, 2010)(ordering same); *see also Hoffmann-LaRoche*, 493 U.S. at 170 (finding that the "[d]istrict [c]ourt was correct to permit discovery of the names and addresses").

Additionally, many courts in the Sixth circuit are requiring defendants to produce to Plaintiffs the e-mail addresses for all putative class members. *Evans v. Caregivers, Inc.*, No. 3:17-cv-0402, 2017 U.S. Dist. LEXIS 76599, at *19 (M.D. Tenn. May 19, 2017) (ordering defendants produce putative class members emails in addition to their names and mailing addresses); *Burgess v. Wesley Fin. Grp., LLC*, No. 3:16-cv-1655, 2017 U.S. Dist. LEXIS 37942, at *17 (M.D. Tenn. Mar. 16, 2017) (ordering defendant to produce email addresses of all putative class members within 20 days of order's entry date); *Miller v. CareSouth HHA Holdings, LLC*, No. 3:16-cv-79, 2016 U.S. Dist. LEXIS 78610, at *18 (M.D. Tenn. June 16, 2016)(ordering the same); *Amos v. Lincoln Prop. Co.*, No. 3:17-cv-37, 2017 U.S. Dist. LEXIS 106051, at *15 (M.D. Tenn. July 7, 2017)(ordering defendant provide the plaintiff with the names, last known mailing addresses, and email addresses of all putative class members within 14 days of the order's entry date).

Courts in the Sixth Circuit also routinely enter orders authorizing the dissemination of the notice and consent via U.S. mail. *Brown v. Consol. Rest. Operations, Inc.*, 2013 U.S. Dist.

LEXIS 127706 (M.D. Tenn. September 6, 2013)(granting issuance of notice and consent by U.S. mail); *citing Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, at 170 ("District Court was correct to permit discovery of the names and addresses... "); *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp2d 504, 515 (S. D. N. Y. 2010) ( employer required to provide employee address information for three years prior to the filing of the action). More recently, courts nationwide, including district courts in the Sixth Circuit have approved the dissemination of notice by e-mail. *See, e.g., Evans v. Caregivers, Inc.*, No. 3:17-cv-0402, 2017 U.S. Dist. LEXIS 76599, at *18-19 (M.D. Tenn. May 19, 2017) (ordering that the forms be distributed to potential class members by regular mail, email, by posting in the location in defendant's office locations where other labor and related notices are typically posted, and by enclosing the forms with the next paycheck of all currently employed potential class members); *Williams v. King Bee Delivery, LLC*, No. 5:15-cv-306, 2017 U.S. Dist. LEXIS 36195, 2017 WL 987452, at *7 (E.D. Ky. Mar. 14, 2017); *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016); *Jowers v. NPC Int'l, Inc.*, No. 13-1036, 2016 U.S. Dist. LEXIS 172058, 2016 WL 7238963, at *8 (W.D. Tenn. Dec. 13, 2016)(requiring notice be posted); *Brown v. Consol. Rest. Operations, Inc.*, No. 3:12-00788, 2013 U.S. Dist. LEXIS 127706, 2013 WL 4804780, at *7 (M.D. Tenn. Sept. 6, 2013)(requiring notice be provided to putative class members with copies with employees' paychecks, posted in conspicuous place); *Burgess v. Wesley Fin. Grp.*, LLC, No. 3:16-cv-1655, 2017 U.S. Dist. LEXIS 37942, at *18 (M.D. Tenn. Mar. 16, 2017)(requiring Notice and Consent Form be issued to putative class members by regular mail, email, and — for current Sales Representatives — with their next paycheck); *See, e.g. Cranney v. Carriage Servs., Inc.*, 2008 U.S. Dist. LEXIS 22630, 2008 WL 608639, at *5 (D. Nev. Feb. 29, 2008) (ordering notice to be posted in defendants' employee break rooms, e-mailed to employees, publicized in

employee newsletter as well as mailed to employees); *Johnson v. Am. Airlines, Inc.*, 531 F.Supp. 957, 964 (N.D. Tex. 1982) (notice ordered to be posted on employee bulletin boards at defendant's flight bases);

Numerous courts have found that email notice is warranted, and that it is now common practice for district courts to order notice be sent by first-class mail to current employees and by first-class mail *and* electronic mail to former employees due to concerns that former employees may have moved after the conclusion of their employment. *See, e.g., Conklin v. 1-800 Flowers.com, Inc.*, No. 2:16-CV-675, 2017 U.S. Dist. LEXIS 126733, at *16-17 (S.D. Ohio Aug. 10, 2017); *Lutz v. Huntington Bancshares, Inc.*, No. 2:12-cv-1091, 2013 U.S. Dist. LEXIS 56477, 2013 WL 1703361, at *7 (S.D. Ohio Apr. 19, 2013); *Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2012 U.S. Dist. LEXIS 181073, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012) (noting that e-mail notice to former employees "appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit"). In more recent cases, however, courts in this district have ordered e-mail notice to all putative class members. *Conklin*, at *12 (citing Atkinson *v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015)); *Petty v. Russell Cellular, Inc.*, No. 2:13-cv-1110, 2014 U.S. Dist. LEXIS 42185, 2014 WL 1308692, at *6 (S.D. Ohio Mar. 28, 2014). The district court agrees with the *Atkinson* court, holding that e-mail notice "appears to be in line with the current nationwide trend" and "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit." *Atkinson*, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234, at *5. *See, e.g., Kutzback v. LMS Intellibound, LLC*, No. 2:13-cv-2767, 2015 U.S. Dist. LEXIS 37946,

2015 WL 1393414, at *6 (W.D. Tenn. Mar. 25, 2015); *Jones v. JGC Dallas LLC*, No. 3:11-cv-2743-O, 2012 U.S. Dist. LEXIS 185042, 2012 WL 6928101, at *5 (N.D. Tex. Nov. 29, 2012), *adopted by* 2013 U.S. Dist. LEXIS 8865, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128-29 (N.D. Cal. 2009).

The legislative intent of enacting the FLSA, as reflected in the statutory language of the Act, as well as the Supreme Court's interpretation of the Act, enshrines the significant public policy objectives of granting access to individuals, that would otherwise be deterred or prohibited, access to the courts to effectively vindicate statutorily conferred rights enacted based for humanitarian and anti-competitive policy objectives. Granting conditional certification and adopting mechanisms ensuring actual notice is received by potential class members enhances the legislative intent of the FLSA.

## IV.   CONCLUSION

Plaintiff has met her "fairly lenient" burden for conditional certification and notice to the Putative Class. Accordingly, Plaintiff respectfully requests this Court enter an order consisting of the following:

(1) Defendants to provide her with the "Putative Class Information" which includes the full name, current or last known e-mail address(es); current or last known home address(es); current or last known home and mobile telephone number(s); dates of employment; and positions worked for each Putative Class member; (2) Plaintiff may issue Notice and Consent forms to the Putative Class members in a form consistent with Exhibits 3 and 4 via e-mail and U.S. Mail; (3) Defendants shall post a copy of the Notice in a conspicuous place within the restaurant; (4) Defendants distribute the Notice and Consent to current Putative Class members along with every paycheck or paycheck stub throughout the notice period; (5) Putative Class members may

join the case by returning to Plaintiff's counsel a Consent form no later than 100 days following the date that Defendants provide Plaintiff's counsel the Putative Class Information.

**DATED: JUNE 22, 2018.**

Respectfully Submitted,

_____
/s/Daniel Eduardo Arciniegas

Daniel Eduardo Arciniegas
Tennessee Bar Number: 035853
Daniel@AttorneyDaniel.com
**ARCINIEGAS LAW, PLLC**
123 Reliance Drive
Franklin, Tennessee 37067
t. 629.777.5339
f. 615.988.9113
*Counsel For Plaintiffs*

Charles P. Yezbak
Tennessee Bar Number: 1965
yezbak@yezbaklaw.com
**YEZBAK LAW, PLLC**
2002 Richard Jones Road
Nashville, Tennessee 37215
t. 615.250.2000
*f. 615.250.2020*
*Counsel For Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22 2018, a true and correct copy of the above and foregoing document, *Memorandum in Support of Plaintiff's Motion for Expedited Court Supervised Notice to the Putative Class and for Conditional Certification Pursuant to the Fair Labor Standards Act* has been properly served via the Court' CM/ECF system, which sent electronic notice to the following counsel of record.

Robert E. Blanchefield, Esquire
Florida Bar Number: 036180
bob@blanchefieldlawfirm.com
**ROBERT BLANCHEFIELD, P.A.**
127 West Fairbanks Avenue.
Suite 272
Winter Park, FL 32789
401 E. Trinity Lane
Nashville, Tennessee 37207
t. 407-497-0463
f. 866-530-8441
*Counsel For Defendants*

Respectfully Submitted,

_____
/s/Daniel Eduardo Arciniegas

Charles P. Yezbak
Tennessee Bar Number: 1965
yezbak@yezbaklaw.com
**YEZBAK LAW, PLLC**
2002 Richard Jones Road
Nashville, Tennessee 37215
t. 615.250.2000
*f. 615.250.2020*
*Counsel For Plaintiffs*

Daniel Eduardo Arciniegas
Tennessee Bar Number: 035853
Daniel@AttorneyDaniel.com
**ARCINIEGAS LAW, PLLC**
123 Reliance Drive
Franklin, Tennessee 37067
t. 629.777.5339
f. 615.988.9113
*Counsel For Plaintiffs*